**Freddie Lee HAYS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 26, 1971.

Rehearing Denied June 18, 1971.

Leslie Morris, Stoll, Keenon & Park, Robert G. Lawson, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

About 11:30 p. m., on March 5, 1968, three young black males allegedly raped and robbed a woman in Lexington. The appellant, Freddie Lee Hays, who was sixteen years old at the time of the crimes, was convicted as one of the guilty persons. The jury imposed a life sentence upon him in the rape case and fixed his punishment at imprisonment for ten years in the armed-robbery case. For reversal Hays contends that (1) evidence of the victim's identifying Hays at a lineup was improperly admitted,

since Hays was not provided with counsel nor did he waive his right to such counsel, and (2) in any event the circumstances of the lineup were "unnecessarily suggestive and conducive to irreparable mistaken identification."

On March 6, the day after the offenses occurred, the police arrested Richard Simpson and charged him as one of the culprits. One of the investigating officers testified that Simpson stated to him, in the appellant's presence, that the appellant had participated in the rape and armed robbery along with Simpson and a third person, whose identity was unknown to Simpson. Simpson denied that he had made any such statement to the officer. It should be said that Simpson had already entered a guilty plea and started serving his sentence when he testified. Simpson asserted his own innocence, despite his guilty plea, and sought to invoke what he called the "fifth dimension" as a bar to his being required to testify at all. The testimony concerning Simpson's prior declaration constituted substantive evidence of appellant's guilt, completely untainted by any infirmity of the lineup procedure. Jett v. Commonwealth, Ky., 436 S.W.2d 788.

Mrs. Virginia Osborne was a witness for the prosecution. She testified that she heard a commotion on the night of the crime which induced her to step onto the front porch of her home. There, she said, she saw three young men carrying a woman. Mrs. Osborne testified that the scene was well lighted and identified the appellant as one of the three men. She also stated that she was positive of the accuracy of her identification of appellant, and that she had seen him around the neighborhood on other occasions. Mrs. Osborne did not attend any lineup proceeding. Her in-court identification was predicated only on her personal observation as the crime was being committed, coupled with her asserted earlier observations of appellant in the vicinity.

The only other evidence as to identification was that of the victim. She testified that she had identified the appellant at a police-arranged lineup on March 17, 1968. As to whether her in-court identification was "tainted" by the identification at the lineup, the following excerpt from the trial transcript is illuminating:

"Q. The basis of your identification of Mr. Hays, isn't it true, Mrs. Schultz, is being able to pick him out of that particular lineup, is that correct?

A. Yes, I picked him out among all the rest of them, as I say, as I can remember him in my mind.

Q. I see. So your answer to that question is 'yes?'

A. Yes.

THE COURT: Did you understand his question? Is the only basis of your identification now on the basis of that lineup?

A. Does he mean the day of the lineup?

THE COURT: No. Right now. Is this the only reason you have for knowing this is the individual?

A. No. I remember that it is the same one as the night that it happened, and then when they had the lineup, and then now, and every time that I have seen him."

 The Supreme Court dealt with problems of lineup identification in a trilogy of decisions: United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199. At the risk of over-simplification, it appears safe to note that those decisions clearly teach that a police lineup is a critical stage of trial at which the accused is entitled to counsel, unless the right to counsel is voluntarily and understandingly waived. Irrespective of the right to counsel, another basis for attack on the admissibility of lineup identification is a showing that the confrontation was so unnecessarily sug-

gestive and conducive to irreparable mistaken identification as to amount to a denial of due process. In Gilbert v. California, supra, nine witnesses testified that they identified Gilbert at a lawyerless lineup and identified him in court. These witnesses did not witness any part of the crime. The Supreme Court held that only a *per se* exclusionary rule as to such testimony could insure an effective sanction against constitutionally infirm lineup proceedings. The Supreme Court directed that Gilbert be granted a new trial as to guilt or innocence unless the California Supreme Court could declare a belief that the error was "harmless beyond a reasonable doubt" within the rationale of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

 In the present case it is conceded that no lawyer was present at the lineup. The Commonwealth asserts that the accused was offered counsel, but declined the offer. But, there was no showing for the Commonwealth that the accused made any sort of response when he was allegedly apprised of his rights, including the right to have a lawyer present at the lineup. In these circumstances, the Commonwealth has not sustained its burden of demonstrating that the accused waived counsel voluntarily and understandingly, assuming without deciding that a minor could make such a waiver. See Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, in which it was noted that the courts should indulge every reasonable presumption against a waiver of fundamental constitutional rights and should not presume an acquiescence in the loss of such rights from a silent record. The record must reveal an affirmative waiver of the right.

From what has been said, it follows that the lineup proceeding was not properly conducted, without reference to whether it was otherwise defective. As noted, the only witness who made reference to her identification of the accused at the lineup was the victim. She testified that her in-

court identification was not dependent upon the lineup identification. She explained that she had abundant opportunity to observe the appellant during the commission of the offenses, and she had seen him on other occasions during the court proceedings. The impact of her evidence was that she was able to identify the appellant as one of her assailants by reason of observations entirely independent of the lineup confrontation. It is clear, therefore, that the trial court properly concluded that the in-court identification of the appellant by the victim was independent of and "untainted" by the lineup identification. When this fact is considered in conjunction with the independent identification of appellant by Mrs. Osborne and the incriminating statement by Simpson, this court declares its belief beyond a reasonable doubt that the erroneous admission of evidence of the lineup identification was not prejudicial to the appellant.

The judgment is affirmed.

All concur.