**Darrell GREENUP, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1972.

Rehearing Denied Feb. 16, 1973.

Joseph S. Freeland, Paducah, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Wilmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Darrell Greenup appeals from a judgment sentencing him to life imprisonment pursuant to a verdict finding him guilty of armed robbery. His primary contention is that his in-court identification by one of three identifying witnesses was predicated on a previous identification made by the witness at a police line-up which was not valid because Greenup did not have counsel there and had not been told that he was entitled to have counsel there, and therefore the in-court identification was so tainted by the improper line-up that its admission constituted prejudicial error. The Commonwealth argues that if there was error in the admission of the identification it was not prejudicial.

Greenup was accused of robbing a grocery store owned by Mr. and Mrs. Randolph Gore and their adult son William. Greenup's defense was an alibi.

At the trial, Mr. and Mrs. Randolph Gore made a positive identification of Greenup, and it is not contended on this appeal that there was any error in the admission of that evidence (they had identified Greenup, prior to the line-up, through a photograph). The only complaint is with respect to the in-court identification made by William Gore, who had not been able to make any identification of Greenup prior to the line-up.

During the course of William Gore's testimony it was brought out that he had been unable to make a positive identification of Greenup through the photographs from which his parents had made identification. Thus the jury knew that his ultimate identification was weaker than that made by his parents. Furthermore, the Commonwealth put on the stand an 18-year-old check-out boy who was present during the robbery and who testified that he could not identify Greenup as the robber. The result was that the Commonwealth was openly resting its case almost entirely on the identification made by Mr. and Mrs. Randolph Gore, with some weak corroboration from William and none from the check-out boy.

■ Under these circumstances it is our opinion that the admission of the identification made by William Gore was "harmless beyond a reasonable doubt" within the rationale of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Cf. Hays v. Commonwealth, Ky., 467 S.W.2d 354.

■ Greenup assigns as a second ground of error an alleged statement made during a recess in the trial, by a juror to a person in the courtroom, that the juror had information that the Gores had identified Greenup in a line-up. This ground is not sustainable because the trial court found on conflicting affidavits that the alleged conversation did not take place.

The judgment is affirmed.

All concur.